## FARMERS' NAT. BANK v. McElhinney et al.

(District Court, S. D. Iowa, E. D. June, 1890.)

COURTS—JURISDICTION—ACTIONS AGAINST NATIONAL BANKS.

Under Rev. St. U. S. § 563, giving district courts jurisdiction "of all suits by or against any association, established under any law providing for national banking associations, within the district for which the court is held," and Act Cong. Aug. 13, 1888, § 4, making national banking associations, for the purpose of all actions, citizens of the state wherein they are located, "and in such cases the circuit and district courts shall not have jurisdiction other than such as they would have in cases between individual citizens of the same state," district courts have no jurisdiction of an action on a promissory note, brought by a national bank in a district other than that in which the bank is located.

At Law. Action on a promissory note, submitted on question of jurisdiction.

G. S. Skinner and W. B. Collins, for plaintiff.

SHIRAS, J. The plaintiff corporation is a national bank, carrying on its business at Princeton, in the state of Illinois, and the defendants are citizens of Iowa, residing in Louisa county. Under the statutes now in force, has the district court, under any circumstances, jurisdiction of an action by a national bank to recover a debt due upon a promissory note, when such action is brought in a district other than that in which the banking association is located? In section 563 of the Revised Statutes it is provided that the district courts have jurisdiction "of all suits by or against any association, established under any law providing for national banking associations, within the district for which the court is held." By the act of July 12, 1882, it was enacted that the jurisdiction for suits by or against any national bank, except as to suits between the United States, its officers and agents, and the bank, should be the same and not other than the jurisdiction by or against banks not organized under the laws of the United States. Section 4 of the act of August 13, 1888, provided "that all national banking associations, established under the laws of the United States, shall, for the purposes of all actions by or against them, real, personal, or mixed, and all suits in equity, be deemed citizens of the states in which they are respectively located; and in such cases the circuit and district courts shall not have jurisdiction other than such as they would have in cases between individual citizens of the same state." According to the provisions of this section the plaintiff in this case is to be deemed to be a citizen of the state of Illinois, and, the action being brought in a district other than that in which the bank is located, the test of jurisdiction in the district court is just the same as it would be in case the plaintiff was a natural person. I do not understand it to be claimed that A. B., a citizen of Illinois, can bring an action on a promissory note against C. D., a citizen of Iowa, in the district court of the United States for either district of Iowa. This being so, it seems to me that the act of 1888 was intended to make one rule determine the jurisdiction, or, in other words, it was intended to give to a

national bank just the same privilege and right in this particular that is enjoyed by the individual citizen.

It is urged in argument that the statute of 1888, by using the words "and in such cases the circuit and district courts shall not have jurisdiction other than," etc., intended to provide that whenever, by reason of diversity of citizenship, the circuit court would have jurisdiction, the district court would likewise have jurisdiction, without, however, the limitation as to the amount involved. The argument made in support of this view is certainly ingenious, but fails to convince me that such was the purpose of congress in enacting the section in question. The declaration—that "the circuit and district courts shall not have jurisdiction other than"—was not intended to enlarge this jurisdiction of the latter courts, but to bring both courts within the same rule in regard to jurisdiction over suits by or against national banks; and as district courts are not infrequently clothed with circuit court jurisdiction and powers, the intent of the statute was to declare that neither the circuit nor the district court should take jurisdiction of suits by or against national banks, except under such circumstances as would confer jurisdiction upon the particular court in case the suit was between natural persons.

It is also urged that the provisions found in section 563 of the Revised Statutes, cited *supra*, are not repealed by any subsequent enactments, and that the district court can exercise the jurisdiction therein conferred wherever the action is between a national bank and a citizen of another state; and that section 4 of the act of 1888 only modifies the jurisdiction of the district court created by the former act, by limiting it to actions between the bank and a citizen of another state. As I understand clause 15 of section 563 of the Revised Statutes, it is confined to suits by or against national banks established in the district wherein the court is held. What effect the statutes of 1888 would have upon the jurisdiction of this suit if it had been brought in the district in which the bank is located need not be considered. The bank is not suing in the district wherein it is located, but has come into another district for that purpose; and, under the act of 1888, it comes as a citizen of the state of Illinois, and on the question of jurisdiction can be viewed in that light only; and, as the district court has not jurisdiction of actions to recover debts between individual citizens, it has not jurisdiction of a similar action simply by reason of the fact that the plaintiff is a national bank, located in the state of Illinois. The case must therefore be dismissed for want of jurisdiction, and it is so ordered.